## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **DIEGO LATTIMORE,** | ) |
| **Plaintiff,** | ) |
| v. | ) CIVIL ACTION NO.: |
| **BIG LOTS, INC.;** | ) |
| **Defendant.** | ) |

## COMPLAINT

COMES NOW, the Plaintiff, Diego Lattimore (hereinafter "Plaintiff"), and hereby files this action against the Defendant Big Lots, Incorporated (hereinafter "Defendant") and in support thereof says as follows:

## PARTIES

1. Defendant Big Lots, Inc. is a foreign corporation and is organized under the laws of the State of Ohio with its corporate headquarters located at 4900 E. Dublin Granville Road, Columbus, Ohio 43081-7651.

2. Defendant is domiciled in Ohio.

3. Plaintiff is an individual who resides in Madison County, Alabama and is domiciled in Alabama.

## JURISDICTION AND VENUE

4. Jurisdiction is proper under 28 U.S.C. § 1332 because Plaintiff claims damages in excess of $75,000 and diversity of citizenship exists between the Plaintiff and Defendant as Plaintiff is domiciled in Alabama and Defendant is domiciled in Ohio.

5. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this jurisdiction.

## FACTS

6. On or about June 1, 2020 Plaintiff was walking through the Defendant's store located at 6275 University Drive NW Huntsville, AL 35806.

7. The store was owned, operated and maintained by the Defendant for the use and benefit of their customers.

8. Plaintiff approached a chair that he was interested in purchasing.

9. When Plaintiff sat on the chair, the chair collapsed and caused Plaintiff to suffer injuries to his hip, back, leg and person.

10. The chair's fragile state was not obvious to the Plaintiff, nor was there any signage warning Plaintiff of such defects but should have been discovered and rectified or warned by the Defendant.

11. As a result of the fall caused by the Defendant's conduct, Plaintiff has suffered life-changing injuries and numerous health-related costs.

## COUNT I

## NEGLIGENCE

12. Plaintiff avers that on or about June 1, 2020 while a business invitee, he entered onto the premises of the Defendant in Huntsville, Alabama.

13. While Plaintiff was a business invitee on the Defendant's premises, he sat in a chair that broke apart, and caused him severe bodily injuries.

14. Plaintiff avers that he fell and was injured due to dangerous conditions on the Defendant's premises and that the Defendant negligently allowed said chair to be in such a condition creating a hazard without warning Plaintiff of the condition of the chair.

15. Plaintiff avers that the dangers posed by the defective chair were not known to the Plaintiff at any time prior to Plaintiff's injury as the chair did not have any warning signs or show any signs of defect.

16. Plaintiff avers that the Defendant negligently and/or wantonly failed to identify and correct the defect of the chair and/or warn Plaintiff of the defect of the chair and therefore negligently failed to protect Plaintiff from hidden defects and/or dangers on the Defendant's premises.

17. As a direct and proximate result of the Defendant's negligence and/or wantonness Plaintiff was caused to fall and suffer bodily injury. Plaintiff further avers that as a direct and proximate result of the Defendant's negligence, he was caused to undergo medical treatment, consult physicians, receive medical care, and is no longer able to work in his trade which has resulted in considerable expenses for doctor's bills, medication bills, Plaintiff's inability to perform day to day tasks, and an inability to earn a wage.

## COUNT II

## WANTONNESS

18. Plaintiff avers that on or about June 1, 2020 while a business invitee, he entered onto the premises of the Defendant in Huntsville, Alabama.

19. While Plaintiff was a business invitee on the Defendant's premises, he sat in a chair that broke apart, and caused him severe bodily injuries.

20. Plaintiff avers that he was caused to fall due to the dangerous condition and defect of the chair the Defendant was selling on their premises and that the Defendant wantonly allowed said chair to remain on the premises without identifying or warning the Plaintiff of the defect or the danger that it posed.

21. Plaintiff avers that the Defendant knew or should have known that customers would attempt to sit on the chair to determine if the customer wanted to purchase the chair.

22. Plaintiff avers that the Defendant had actual and/or constructive notice of the dangerous condition of the chair and therefore knew that an invitee, like the Plaintiff, would likely or probably sit in the chair and would likely or probably be caused to be injured and therefore acted wantonly by failing to remove the chair from the premises or otherwise warn customers, like the Plaintiff, of the defect.

23. Plaintiff avers that the Defendant acted with reckless indifference to the safety of their customers, and the Plaintiff, by failing to properly identify, and correct or remove the defective chair from the premises and further failed to warn the Plaintiff of the defective chair and therefore wantonly failed to properly maintain their premises in a reasonably safe condition.

24. As a direct and proximate result of the Defendant's wantonness, Plaintiff was caused to fall and suffer bodily injury. Plaintiff further avers that as a direct and proximate result of the Defendant's wantonness, he was caused to undergo medical treatment, consult physicians, receive medical care, and is no longer able to work in his trade which has resulted in considerable expenses for doctor's bills, medication bills, Plaintiff's inability to perform day to day tasks, and an inability to earn a wage. Furthermore, the Defendant's wantonness has caused Plaintiff to suffer great physical pain, emotional distress and mental anguish.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendant for compensatory damages, together with interest and costs, and punitive damages as the jury may assess.

RESPECTFULLY SUBMITTED,

*/s/ Evan D. Pantazis*
D. G. Pantazis, Jr.
Evan D. Pantazis

Attorneys for Plaintiff

**OF COUNSEL:**
WIGGINS CHILDS PANTAZIS
FISHER GOLDFARB LLC
The Kress Building
301 Nineteenth Street North
Birmingham, Alabama 35203
Telephone:	(205) 314-0538
Facsimile:	(205) 314-0738
Email:	dgpjr@wigginschilds.com
	edp@wigginschilds.com

## JURY DEMAND

Plaintiff demands trial by a struck jury on all issues in this cause.

*/s/ Evan D. Pantazis*
Of Counsel

## SERVE DEFENDANTS BY CERTIFIED MAIL AT:

Big Lots, Inc.
CORPORATION SERVICE COMPANY
50 WEST BROAD STREET
SUITE 1330
COLUMBUS OH 43215