UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| DIEGO LATTIMORE, | * | |
| PLAINTIFF, | * | |
| VS. | * | CASE NO.: 5:20-cv-1602-AKK |
| BIG LOTS, INC., | * | |
| DEFENDANT. | * | |

## ANSWER OF DEFENDANT BIG LOTS STORES, INC.

COMES NOW the Defendant improperly identified in Plaintiff Diego Lattimore's ("Plaintiff") Complaint as "Big Lots, Inc." and properly identified as "Big Lots Stores, Inc." and for its Answer to Plaintiff's Complaint, states as follows:

## PARTIES

1. Admitted.

2. Admitted.

3. Upon information and belief, admitted.

## JURISDICTION AND VENUE

4. Defendant admits that diversity of citizenship appears to exist, but denies that Plaintiff's alleged damages are in excess of $75,000.00.

5. Admitted.

## FACTS

6. Defendant admits that Plaintiff was present in its store on or about June 1, 2020.

7. Defendant admits that it operated the store at issue in Plaintiff's Complaint.

8. Upon information and belief, admitted.

9. Defendant admits that Plaintiff fell from the subject chair, but denies that Plaintiff was injured in the manner and to the extent claimed in this paragraph.

10. Defendant denies that it was under any duty to warn Plaintiff of any alleged defect in the subject chair and denies that it knew of any alleged defect associated with the subject chair.

11. Defendant denies the allegations in Paragraph 11 of Plaintiff's Complaint.

## COUNT I
## NEGLIGENCE

12. Upon information and belief, admitted.

13. Defendant admits that Plaintiff fell from the subject chair, but denies that Plaintiff was injured in the manner and to the extent claimed in this paragraph.

14. Defendant denies the allegations in Paragraph 14 of Plaintiff's Complaint.

15. Defendant denies the allegations in Paragraph 15 of Plaintiff's Complaint.

16. Defendant denies the allegations in Paragraph 16 of Plaintiff's Complaint.

17. Defendant denies the allegations in Paragraph 17 of Plaintiff's Complaint.

## COUNT II
## WANTONNESS

18. Defendant admits that Plaintiff was present its store on or about June 1, 2020.

19. Defendant admits that Plaintiff fell from the subject chair, but denies that Plaintiff was injured in the manner and to the extent claimed in this paragraph.

20. Defendant denies the allegations in Paragraph 20 of Plaintiff's Complaint.

21. Defendant denies the allegations in Paragraph 21 of Plaintiff's Complaint.

22. Defendant denies the allegations in Paragraph 22 of Plaintiff's Complaint.

23. Defendant denies the allegations in Paragraph 23 of Plaintiff's Complaint.

24. Defendant denies the allegations in Paragraph 24 of Plaintiff's Complaint.

## PRAYER FOR RELIF

25. In response to Plaintiff's unnumbered request for relief section "PRAYER FOR RELIEF" Defendant denies that Plaintiff is entitled to that or any other relief whatsoever.

26. In response to the Jury Demand, Defendant acknowledges Plaintiff's demand for a jury trial but denies that any triable issues of fact exist.

27. Defendant denies each and every allegation not specifically admitted herein to be true.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

Plaintiff has sued the incorrect entity in this case. This Defendant is properly identified as "Big Lots Stores, Inc."

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Plaintiff's claims are barred because he suffered no damages, injuries, or losses of any kind or character.

## FOURTH DEFENSE

Plaintiff's damages, the existence of which Defendant denies, were caused by Plaintiff's own actions and/or failures to act.

## FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part by the equitable doctrines of laches, waiver, estoppel, or unclean hands.

## SIXTH DEFENSE

Plaintiff assumed the risk associated with his activities.

## SEVENTH DEFENSE

If Plaintiff is proven to be an invitee, he had or should have had knowledge of the allegedly dangerous condition in the premises, and therefore, no liability can attach to any invitor.

## EIGHTH DEFENSE

Any allegedly defective condition and the premises was open and obvious as a matter of law.

## NINTH DEFENSE

Big Lots is not guilty of the allegations of wrongdoing set forth on behalf of the Plaintiff in the Complaint.

## TENTH DEFENSE

There is no proximate cause between any action or inaction on the part of this Defendant and the injures and damages alleged on behalf of the Plaintiff.

## ELEVENTH DEFENSE

Plaintiff assumed the risk of any injuries and/or damages as alleged in the Complaint.

## TWELFTH DEFENSE

Defendant Big Lots pleads the general issue.

## THIRTEENTH DEFENSE

Defendant denies that the Plaintiff is injured and damaged to the extent claimed in the Complaint and demands strict proof thereof.

## FOURTEENTH DEFENSE

The imposition of damages for mental anguish and/or emotional distress are unconstitutional both under the Constitution of the State of Alabama and Constitution of the United States. Based upon Alabama procedures relative to damages for mental anguish and emotional distress which provide no objective, logical or reasonable standards or criteria which govern the award and the amount of the award of such damages, this Defendant is denied due process and equal protection of the laws as guaranteed by the Fifth and Fourteenth Amendments to the

United States Constitution and Article I, §§ 1, 6, 10, 11, 13, and 22 of the Alabama Constitution, separately and severally.

## SIXTEENTH DEFENSE

Any award of damages in this case for emotional distress and mental anguish would be improper and unconstitutional, as there are no procedural safeguards for the imposition of such damage, and such damages are left to the discretion of the jury.

## SEVENTEENTH DEFENSE

Although the Defendant reserves its right to amend this Answer to assert such other defenses, affirmative or otherwise, pursuant to the Federal Rules of Civil Procedure and the Rules of this Court, Defendant asserts the following affirmative defenses pursuant to Federal Rule of Civil Procedure 8(c) to include; assumption of the risk, statute of limitations, contributory negligence, release, res judicata, payment, waiver, and collateral estoppel.

## EIGHTEENTH DEFENSE

Big Lots denies each and every material allegation made on behalf of the Plaintiff in this case and particularly those allegations that Big Lots negligently, willfully and/or wantonly failed to operate, maintain, or inspect the premises at issue or that it was negligent or wanton in failing to warn or provide notice to the plaintiff of any allegedly unsafe condition.

## NINTEENTH DEFENSE

Big Lots denies the Plaintiff has any right under Alabama law, the Constitution of the State of Alabama, and the United States Constitution to claim punitive damages against this Defendant under the facts of this case.

## TWENTIETH DEFENSE

Alabama's law regarding joint and several liability and any award of punitive damages would be unconstitutional and would violate the rights of this Defendant to due process, equal protection and other constitutional rights due to the fact that through joint and several liability exemplary damages may be awarded against multiple Defendants without consideration of the extent or participation of a particular Defendant in alleged joint wrongdoing with a net result being that various Defendants may be lumped together in a joint verdict without regard for the degree of culpability of individual Defendants.

## TWENTY-FIRST DEFENSE

Any imposition of punitive damages in this case would contravene the Due Process clauses of the United States Constitution and the Constitution of the State of Alabama on the following grounds:

    a. The procedures through which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against this Defendant;

b. The procedures through which punitive damages are awarded in Alabama are unconstitutionally vague;

c. The procedures through which punitive damages are awarded fail to provide specific standards for the assessment of punitive damages;

d. The procedures through which punitive damages are awarded in Alabama fail to provide specific standards for the amount of punitive damages;

e. The procedures through which punitive damages are awarded in Alabama fails to provide a clear appellate standard of review;

f. Any award of punitive damages would constitute an arbitrary and capricious taking of property of this Defendant without due process of law;

g. Big Lots denies that it is guilty of conduct referable to which punitive damages could or should be awarded and denies that the Plaintiff has produced, or even alleged, clear and convincing evidence sufficient to support or sustain the imposition of punitive damages against this Defendant.

## TWENTY-SECOND DEFENSE

Defendant Big Lots contests the damages alleged by the Plaintiff and demands strict proof thereof. Specifically, with regard to the claim for punitive damages, Big

9

Lots pleads that any award of punitive damages to the Plaintiff in this case would be violative of the constitutional safeguards provided to the defendant under the Constitution of the State of Alabama and Constitution of the United States of America, as follows:

a. <u>Due Process Clause Fourteenth Amendment to the United States Constitution</u>: Punitive damages are vague and not rationally related to legitimate governmental interests.

b. <u>Sixth Amendment to the United States Constitution</u>: Punitive damages are penal in nature, and consequently, defendants are entitled to the same procedural safeguards accorded to criminal Defendants.

c. <u>Self-incrimination Clause of the Fifth Amendment to the United States Constitution</u>: It is violative to impose punitive damages against Defendants which are penal in nature, yet compel Defendants to disclose potentially incriminating documents and evidence.

d. <u>United States Constitution and Constitution of the State of Alabama</u>: It is violative of the rights guaranteed to impose punitive damages against Defendants which are penal in nature by placing a burden of proof on the Plaintiff which is less than the "beyond a reasonable doubt" burden of proof in criminal cases.

## TWENTY-THIRD DEFENSE

Defendant had no notice, whether actual, implied or constructive, of any alleged defect in or associated with the premises as alleged in the Plaintiff's Complaint.

## TWENTY-FOURTH DEFENSE

Alternatively, Defendant affirmatively pleads and states that, on the occasion made the basis of Plaintiff's Complaint, the allegedly unsafe condition and/or defect in the subject merchandise was open, clear and obvious, and that Plaintiff was or should have been aware of the allegedly unsafe condition.

## TWENTY-FIFTH DEFENSE

Any alleged defect in the premises was caused by or contributed to by the actions or inactions of a third party.

## TWENTY-SIXTH DEFENSE

Defendant is shielded from liability for Plaintiff's claims pursuant to Ala. Code 6-5-521 et seq.

## TWENTY SEVENTH DEFENSE

Plaintiff's claims sound in product liability and are due to be asserted, if at all, against the manufacturer of the subject chair.

## **TWENTY EIGHTH DEFENSE**

The Court lacks jurisdiction in this matter in because Plaintiff's damages do not meet or exceed the $75,000.00 threshold for diversity jurisdiction.

## **TWENTY NINTH DEFENSE**

Plaintiff exceeded the stated weight limit for the subject merchandise.

## **TWENTY-EIGHTH DEFENSE**

Defendant reserves the right to amend this Answer to add such other defenses, affirmative or otherwise, as may become necessary or proper during discovery.

Respectfully submitted,

/s/ H. Spence Morano
H. Spence Morano   ASB-0614-H52M
LEAK, DOUGLAS & MORANO, P.C.
The John A. Hand Building
17 20th Street North, Suite 200
Birmingham, AL 35203
Phone: 205.977.7099
Fax: 205.977.7167
smorano@leakdouglas.com

*Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on November 6, 2020, a copy of the foregoing pleading and Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt to the parties at the addresses listed below.


           /s/ H. Spence Morano
           OF COUNSEL

cc:
DG Pantazis, Jr., Esq.
Evan Pantazis, Esq.
Wiggins Childs Pantazis Fisher Goldfarb, LLC
The Kress Building
301 Nineteenth Street North
Birmingham, AL. 35203
dgpjr@wigginschilds.com
edp@wigginschilds.com
*Attorneys for Plaintiff*